## Vick v. Commonwealth.

(Decided May 2, 1924.)

### Appeal from Muhlenberg Circuit Court.

Criminal Law—Continuance Need be Granted Because of Absent Witnesses Only in Exceptional Cases.—The purpose of Criminal Code of Practice, section 189, is to prevent continuances because of absent witnesses, and to require a trial with the defendant's statement of their evidence admitted as their depositions in all cases, except where the trial court is of the opinion from the nature of the case the ends of justice demand otherwise, and there is no abuse of discretion in denying a continuance in a misdemeanor case, unless there are peculiar features.

WILKINS & SPARKS for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The appellant was convicted of unlawfully possessing intoxicating liquor, and his punishment fixed at a fine of $300.00 and confinement in the county jail for 60 days.

The only ground urged for reversal is, that the court committed prejudicial error in refusing a continuance. The continuance was asked because of the absence of defendant's witness, Theodore Snyder, whose testimony as set forth in defendant's affidavit filed in support of his

motion for a continuance, was read to the jury as the testimony of the absent witness.

Section 189 of the Criminal Code expressly provides that a continuance sought by a defendant may thus be avoided in any criminal action except where from the nature of the case the court is of the opinion that the ends of justice require a continuance unless the attorney for the Commonwealth will admit the truth of the alleged testimony of the absent witness or witnesses.

The plain purpose of this section as it now stands is to prevent continuances because of absent witnesses, and to require a trial with the defendant's statement of their evidence admitted as their depositions in all cases except where the trial court is of the opinion "from the nature of the case, the ends of justice" demand otherwise.

This not only leaves the matter to the sound discretion of the trial court, but indicates quite clearly that it is only in exceptional or peculiar cases that a continuance should be granted upon this ground; and we certainly cannot say the court abused such discretion in denying a continuance in this, an ordinary misdemeanor case, devoid of exceptional or peculiar features of any kind.

To so construe the section as to sustain appellant's contention here would require a continuance in every instance; and destroy the evident purpose of the legislature in its enactment.

Judgment affirmed.